BENJAMIN  C.  FOWLER  *vs.*  COUNTY  COMMISSIONERS  OF  MID
DLESEX.
DARIUS STEVENS *vs.* SAME.
EDWARD P. DUNCKLEY *vs.* SAME.

An objection to the competency of jurors upon a sheriff's jury, on the ground that they
were not regularly certified or summoned, will be deemed to have been waived, unless
taken at the trial.
Under a warrant for a sheriff's jury to assess damages " by reason of the locating, laying
out and widening " of a street, a verdict of the jury assessing damages, or assessing no

damages, by reason of " the laying out " of the street will be deemed to cover the whole subject matter submitted to them, and may be accepted.

A petitioner for damages to land by reason of the widening of a street may be asked in cross-examination if he has not expressed opinions as to the effect of the alteration upon the value of the estates upon the street; and he will not be entitled to a new trial, after a verdict against him, because, in the same connection, other questions designed to aid in eliciting his real opinion upon this point were allowed to be put to him, especially if it does not appear what answers were given to them, although the questions taken by themselves alone might be irrelevant.

Evidence of an unaccepted offer of a certain price for a piece of land is incompetent, for the purpose of showing its value.

No exception lies to the admission of evidence in cross-examination, which is simply immaterial.

The value of land in controversy may be proved by the testimony of witnesses personally acquainted with the subject, and sufficiently familiar with it to give an opinion.

It is not a sufficient cause for a new trial before a sheriff's jury, that the sheriff himself put a question to a witness on a material matter.

PETITIONS for a jury to assess damages caused by taking portions of different lots of land for " the locating, laying out and widening " of a highway in Stoneham. The highway in question was Central Street, and the lands were taken for widening it. The cases were tried together.

It was objected, in the superior court, that there was an informality in the certificate of the selectmen of one of the towns from which the jurors were drawn, and that one of the jurors was misdescribed in the summons. It did not appear that this objection was taken before the sheriff; and *Brigham*, J. overruled it.

The jury were sworn to " make a just and true appraisement of the damages sustained " by the petitioners; and in their verdicts they found that Stevens and Dunckley were respectively entitled to no damages, and that Fowler was entitled to recover $15 damages, " by reason of the laying out of Central Street." The petitioners for this reason moved to set aside the verdicts, but the motion was overruled.

At the trial before the sheriff, the respondents were allowed, under objection, to put the following questions to the petitioner Stevens : " Did you say to the county commissioners, if they would run the line in one place I claim so much damages, and none in another ? When the county commissioners first pointed out the line of the street, did you say anything about claiming

damages, and if so, what ? Had you made application to the town, or had you said the street ought to be widened ? Have you, previous to the alterations in the street, said it ought to be widened and straightened ? Have you not said, in substance, that it would enhance the value of estates upon the street, to have it widened and straightened ? "

The petitioner Dunckley was asked by his counsel what he had been offered a foot for his land, but the evidence was excluded. He was asked in cross-examination whether he saw and conversed with one Hadley, who came to him claiming to act for the county commissioners, and whether Hadley pointed out to him the proposed alterations in the street, and this evidence, though objected to, was admitted.

Amos Hill 2d, a witness for the respondents, testified that he had known all these estates for thirty years ; that he was an engineer, and knew the value of real estate in this neighborhood, both from sales by himself and others. On cross-examination, he testified that he had sold but one lot in the village of Stoneham within ten years, and had known three other sales within that time of lots not in the village and not building lots. He was then allowed, under objection, to testify whether the estates of the petitioners were increased or diminished in value by the alterations made in the street.

Franklin Harriman, a witness for the respondents, testified that he was one of the selectmen of Stoneham, that he knew the value of real estate there, and had known of sales made and prices paid. On cross-examination, he testified that he bought one lot in 1849, had been present at one sale by auction, and knew of other sales only by report. The sheriff asked him whether as selectman he had had occasion to lay out town ways from time to time, and had awarded land damages for the same. The witness replied that he had in eight or ten instances. To this inquiry and answer the petitioners objected. The witness was then allowed, under objection, to testify whether the estates of the petitioners were increased or diminished in value by the alterations made in the street.

Other witnesses were also called by the respondents, whose

qualifications were substantially like those of the witness Hill; and they were allowed to testify to the same matters.

The petitioners alleged exceptions; but the verdicts were ordered to be accepted in the superior court, and the petitioners appealed to this court.

*W. P. Harding*, for the petitioners.

*I. S. Morse*, for the respondents.

HOAR, J. These cases come before us upon exceptions taken to the ruling of the superior court, accepting the verdicts rendered by a sheriff's jury, before which the three cases were tried together.

1. The first objection was to the competency of some of the jurors. But as it appears that this was not taken at the trial, and was first suggested after the verdicts were returned to the superior court, it came too late, and must be considered as waived. *Walker* v. *Boston & Maine Railroad*, 3 Cush. 20.

2. The next objection is to the form of the verdicts. We think they sufficiently cover the whole matter submitted. In two of the cases the jurors find that the petitioners were entitled to recover no damages; and in the third they assess the damages "by reason of the laying out of Central Street," the warrant being to assess damages "by reason of the locating, laying out and widening" of said street. The phrase "laying out," whether it might be reasonably understood as embracing the 'locating and widening" or not, obviously covers the whole of the subject matter of the petition upon which the jury have found the petitioner entitled to any damages. We do not think it necessary, the jury being sworn to assess the whole damages which are claimed by the petitioners, that their verdict should expressly negative any or all other damages than those which they allow. The sufficient inference is that no other were sustained by the proof.

The remaining exceptions relate to the rulings made by the sheriff, who presided at the trial, upon questions of evidence.

3. The questions to the witness Stevens upon cross-examination, which were objected to by the petitioners, do not appear to us so clearly objectionable as to require that the verdict should

be set aside. They all relate to opinions expressed by the witness respecting the necessity for the widening and alteration of the street, and to the effect of such alteration and widening upon the adjoining estates. They seem to have been successive and connected questions, designed to elicit the real opinion of the witness upon the precise point in issue, namely, the extent of damage done to the estates of the petitioners. The answers given by the witness are not stated in the bill of exceptions; and it does not appear, therefore, that any testimony was given which was incompetent in its nature, or prejudicial to the petitioners. It is obvious that the answer to either of the questions might have been such as would have a legitimate bearing upon the issue. The mere opinion of the witness upon the general necessity of altering the street, or upon the effect of such alteration upon other estates, would be irrelevant and inadmissible. But the questions asked might be, and the last one seems to show that they were, intended to draw from the witness an admission that he had previously expressed opinions respecting the damage done to the estates of one or more of the petitioners, inconsistent with his testimony in chief.

4. The testimony of Dunckley, that an " offer " had been made to him of a certain price for his land, was properly rejected. The value of an " offer " depends upon too many considerations to allow it to be used as a test of the worth of property. The question put to him on cross-examination, whether he conversed with a man who professed to act for the county commissioners, and who pointed out to him the proposed alterations in the street, does not appear to have been material; and it is no ground for exception that merely immaterial questions were permitted on cross-examination. The answer is not given, and the witness may have said that he had no such conversation; or if he answered in the affirmative, the conversation may have referred to the opinion of the witness as to the effect of such alterations upon his own estate.

5. The witnesses who were allowed to give in evidence their opinion as to the value of the petitioners' lands, and the effect upon the value produced by the alterations in the street, all

testified that they were acquainted with the value of real estate in the neighborhood. Their statements on cross-examination, although such as to affect the weight of their testimony, do not destroy its competency. Each of them had owned land near that of the petitioners, had bought or sold one or more lots, and was shown to have had opportunity to acquire the knowledge which he claimed to possess. If, with his positive testimony that he had the knowledge which would qualify him to give an opinion, there was nothing to show that he had not, and something to show that he had it, we cannot say that the decision of the sheriff upon his competency was erroneous. See *Boston & Worcester Railroad* v. *Old Colony & Fall River Railroad,* 3 Allen, 142.

6. The witness Harriman had testified that he was one of the selectmen of Stoneham, and had given other testimony tending to show that he knew the value of land in the town. The sheriff asked whether, as selectman, he had had occasion to lay out town roads, and assess damages for taking land. The question was obviously pertinent and proper, and the only objection to it is that it was put by the sheriff, and not by the parties. But the question whether the witness was competent was a preliminary question, addressed to the decision of the officer presiding. He asked the question for his own information, as a juror might have done. If he had said to one of the parties that he should wish to know the fact, as it would aid or affect his judgment, and desired that he would ask it if he thought proper, it would perhaps have been more regular in form; but the course adopted did no prejudice to the rights of the parties.

*Exceptions overruled.*