NORTH CAROLINA STATE HIGHWAY COMMISSION v. J. R. HELDERMAN AND WIFE, WILLIE H. HELDERMAN

No. 7329SC659

(Filed 9 January 1974)

1. **Eminent Domain § 7— selection of jury — change of counsel for trial — no prejudice**

   Though the attorney for plaintiff during the jury selection process which took place two days before trial was not the attorney for plaintiff at trial, plaintiff has shown no prejudice since the jury was selected with the consent of counsel for plaintiff, and the court was not informed that plaintiff's counsel at the jury selection would not be trial counsel.

2. **Eminent Domain § 6— evidence of value of land taken — cumulative errors prejudicial**

   In an eminent domain action where the issue of just compensation was submitted to the jury, error of the trial court in allowing evidence as to the landowner's opinion that his property had constantly increased in value since his purchase, evidence as to price of sales of comparable land, and evidence as to the asking price of landowners in order to determine the market value of the property, together with other errors, was prejudicial to plaintiff and prevented it from getting a fair trial.

   Judge VAUGHN dissents.

APPEAL by plaintiff from *McLean, Judge,* 12 March 1973 Session, Superior Court, HENDERSON County.

This eminent domain action was brought to acquire fee simple title to right-of-way across certain described lands of defendants. On 14 March 1973, a consent order was entered determining all issues except the issue of damages. The parties could not agree upon the issue of just compensation, and this issue was submitted to a jury, after trial, which answered the issue in the amount of $47,500. Upon filing its complaint, plaintiff had deposited its voucher in the amount of $3100 with the Clerk of Superior Court, this being the sum estimated by plaintiff to be just compensation for the taking. From the judgment entered on the jury verdict, plaintiff appealed bringing forward 17 assignments of error based on 79 exceptions.

*Attorney General Morgan, by Deputy Attorney General White and Assistant Attorney General Hamlin, for plaintiff appellant.*

*Redden, Redden and Redden, by Monroe M. Redden, Sr., and Monroe M. Redden, Jr., for defendant appellees.*

MORRIS, Judge.

[1]   Plaintiff's first assignment of error is directed to the action of the trial court in having a jury selected to try the issue of damages at a time when trial counsel for plaintiff was not in attendance at court. The record shows the court announced:

> "Mr. Jim Richmond, Raleigh, North Carolina, appearing for the State Highway Commission on Monday, 12 March, 1973.
>
> Mr. Monroe Redden, Hendersonville, North Carolina, appearing for the defendants on Monday, 12 March, 1973.
>
> THE COURT: Why couldn't you gentlemen pass on a jury here this morning in your case and then let them go and come back Wednesday morning, and the other jury would not have to come back?
>
> *By agreement of counsel. the jury is selected.*
>
> Jurors chosen, sworn and empaneled.
>
> It appearing to the undersigned, Judge Presiding, that this action is for the condemnation of the right of way by the State Highway Commission and that the trial of this case will likely take two days. IT IS NOW, THEREFORE, ORDERED that a thirteenth and fourteenth juror be empaneled.
>
> Thirteenth and fourteenth jurors are duly chosen and sworn, and the jury is reempanelled." (Emphasis added.)

On Wednesday of the same week the case was called for trial. The court advised the jurors that when they were selected, Mr. Richmond was present and appearing for the State but that he was not present for the purpose of trial, Mr. Hill and Mr. Hamlin being the attorneys for the State for the purpose of trial. The court then inquired of the jury whether any prejudice would arise in their minds by reason of the change of counsel. No negative response was received, and he directed the attorneys to proceed to trial.

Whereupon, Mr. Hamlin, counsel for the State, handed a map to the jury and put one on the board. At that point, he requested a hearing out of the presence of the jury. His request was granted, and Mr. Hill moved that the State be allowed to pick another jury since neither he nor Mr. Hamlin had been

present when the jury was selected. The court then dictated the following into the record:

"THE COURT: Let the record show that on Monday it appeared to the presiding Judge that the only jury trial for the week was the case of *State Highway Commission v. J. R. Helderman, and wife;* that the Court inquired of counsel at that time if there was any objection to the selection of the jury to try this case, at which time counsel for the State Highway Commission and counsel for the defendant stated to the Court that there was no objection to the selection of the jury at that time, and the Court desiring to select a jury in order that the other jurors might go home and the State would not be required to pay for any further attendance for them during the Court.

In view of the foregoing the Court denies the motion of the plaintiff, petitioner."

From the record, it is abundantly clear that the procedure of which plaintiff complains was done with the consent of counsel for plaintiff. We agree that it is certainly a better practice for the trial counsel to participate in the selection of the jury. However, here no prejudice has been shown. The record reveals no valid reason for Mr. Richmond's failure to demur to the procedure suggested by the court, nor does the record indicate that the court was told that Mr. Richmond would not be trial counsel. This assignment of error is overruled.

While it may be that any one of the additional errors assigned by plaintiff might not be sufficiently prejudicial to warrant a new trial, we are of the opinion that cumulatively they are sufficiently prejudicial to entitle plaintiff to a new trial.

[2] We do not deem it necessary to go into each assignment of error in detail. A few examples of the errors in evidence will suffice. Defendant was allowed to testify, over objection, that his property had constantly increased in value since he purchased it. He had previously been allowed to testify, over objection, that he *thought* he knew and was acquainted with the fair market value of real estate in the vicinity. He testified he bought the property seven or eight years ago, was in the oil business in Albemarle where he lived, owned no other property in Henderson County, and there were no buildings on the property, and that he had never lived in Henderson County. There is nothing in the testimony of plaintiff which would indicate

any basis for his knowledge of fair market value of property in the vicinity nor whether his property had constantly increased in value since his purchase.

During defendants' evidence, the court, after hearing evidence out of the presence of the jury, determined that he would not allow price of sales of comparable land to be put in evidence although the witness could testify as to descriptions of the land allegedly the subject of a comparable sale. Immediately after this ruling, defendants' witness was testifying about a comparable sale. Counsel for defendants asked what the land sold for. Plaintiff's counsel objected. The objection was sustained. In spite of the court's ruling, the witness answered $45,000. The court allowed plaintiff's motion to strike and instructed the jury not to consider it. In view of the verdict of $47,500, it is difficult to assume the jury failed to consider this evidence put before them after an objection had been sustained and in response to a question counsel had been told not to ask.

The same witness was allowed, over objection, to testify as to the asking price of landowners "in order to determine the market value of this property." In *Canton v. Harriss*, 177 N.C. 10, 12, 97 S.E. 748 (1918), Justice Hoke said:

"An unaccepted offer of this kind may be influenced by so many considerations entirely foreign to such an issue, and may put the opposing party at such disadvantage, affording him, as it does, no fair opportunity to either anticipate or combat it, that its reception as evidence has been very generally disapproved by the authorities on the subject. (Citations omitted.)"

It is true that the witness did not testify as to specific asking prices, but he did testify that he investigated asking prices and took into consideration all that he learned. He came up with a figure of $66,850 as damages.

The property abutted U. S. 64 and defendant had testified that prior to the taking he planned to build a service station and car wash thereon. The same witness testifying for defendants was allowed, over objection, to testify that U. S. 64 "is the most heavily traveled road in Henderson County." Absolutely no foundation had been laid for that evidence. The witness had previously testified that he, in determining his valuation of $66,850, had considered the traffic but did not take a traffic count.

During defendants' cross-examination of plaintiff's witnesses, questions were asked, over objection, with respect to sales prices of property about which no one had testified. The witness, in one instance, was not allowed to explain his answer, the court, upon his request to do so, saying: "You talk to your lawyers after you get through."

Although the court properly gave the measure of damages, his last instruction on damages was:

> "*As the court has heretofore instructed,* Members of the Jury, the measure of damages is the difference between the fair market value of the property immediately before the taking and the fair market value of the remainder of the tract after the taking, *which shall include the value of the property taken plus damages to the adjoining property.*" (Emphasis added.)

We think the examples set out are sufficient to show that the cumulative effect of these, and other errors, was prejudicial to plaintiff and prevented it from getting a fair trial. For that reason, we are of the opinion that plaintiff is entitled to a

New trial.

Judge BALEY concurs.

Judge VAUGHN dissents.