## CLAUS v. LEE.

(Filed March 20, 1906).

*Verified Account — Prima Facie Case — Delivery — "Immediately"—Reasonable Time.*

1. In an action to recover for goods sold and delivered, where a verified statement of the account shows that it is for goods sold by the plaintiff to the defendant and sets out the number and kind of articles, the catalogue numbers, price per dozen and discounts allowed, and there are trade terms and abbreviations well understood in the trade, which show more fully the kind of articles, it is properly itemized to make out a *prima facie* case under Rev., sec. 1625.

2. Where a contract calls for the delivery of goods "immediately," the party is entitled to a reasonable time to deliver them.

3. The question of reasonable time is a mixed question of law and fact, and except where the facts are few, simple and undisputed, and where only one inference can be drawn, or except where the time is so short or so long that the court may declare it reasonable or unreasonable, it should be left to the sound discretion of the jury under the instruction of the court upon the particular circumstances of the case.

ACTION by Claus Shear Co. against Lee Hardware House, heard by *Judge M. H. Justice* and a jury, at the November Term, 1905, of the Superior Court of HARNETT. From a judgment for the plaintiff, the defendant appealed.

This was an action to recover on a bill of goods which plaintiff alleges it sold and delivered to defendant.

*Godwin & Davis* for the plaintiff.
*H. L. Godwin* for the defendant.

BROWN, J.  1. In order to make a *prima facie* case, the plaintiff offered in evidence, under the provisions of the statute, Revisal, section 1625, an itemized account of $35.53

duly verified. The defendant objected to it because not properly itemized and not expressed in intelligible terms, and also because it does not show on its face that it is for goods sold and delivered. We think the objections untenable. The statement sets out the number and kind of shears, scissors and razors shipped, the catalogue numbers, price per dozen, and discounts allowed on each. There are trade terms and abbreviations which show more fully the kind of articles shipped. To illustrate, one item is billed as follows: "½ doz. 5½ No. 315 Jap. Tlr Shrs 15—$7.50." It is clear that those are abbreviations well understood in the hardware trade, and mean Japan tailor shears, and that the figures 15 represent the catalogue price, and $7.50 the net price with discounts off. The defendant Lee, who was examined, does not profess to be ignorant of the meaning of the bill. It also appears upon the face of the bill that it is for goods sold by the plaintiff to the defendant.

2. The defendant contends that the oral contract called for a delivery of the goods *immediately,* and that the evidence tended to prove a delay of at least 30 days between the receipt of the order and the shipment, which the defendant contends is an unreasonable delay, and that His Honor erred in leaving the question of "reasonable time" to the jury. There have been numerous cases adjudicating the meaning of the terms "immediately" and "forthwith," etc., as used in contracts, and it is held that such terms are to be construed liberally. Such terms never mean the absolute exclusion of any interval of time, but mean only that no unreasonable length of time shall intervene before performance. 21 Am. & Eng. Enc. (1 Ed.), 535, note 1. Where a covenant requires payment of money immediately, the party is entitled to reasonable time to get it. *Toms v. Wilson,* 116 E. C. L., 455.

Whether the determination of what is a reasonable time is a question of law for the court or of fact for the jury, is a matter upon which there is much conflict of authority. In

our own reports, the case of *Murray v. Smith,* 8 N. C., 42, in the syllabus, declares that "reasonable time means that a party shall do an act as soon as he conveniently can, and it seems the court is to be the judge of that." This syllabus is not fully supported, so far as we can see, by the opinion of the court. The definition of what is reasonable time is taken from the charge of the Superior Court judge to the jury. The charge seems to have been specifically approved by this court, but there is nothing in that opinion, or any other opinions of our eminent and learned predecessors, which holds that reasonable time is essentially a question of law. If there are such, they have not been called to our attention, and they seem to have escaped the lynx-eyed vigilance of our learned *Chief Justice,* who has recently stated that what constitutes reasonable time is a question for the jury. *Blalock v. Clark,* 133 N. C., 308; same case, 137 N. C., 144.

In this apparent conflict between the two cases quoted (and they appear to be about the only cases bearing on the subject) which the diligence of counsel and our own researches have discovered, we have examined somewhat extensively the decisions of other courts and the text writers. The result of our examination leads us to the conclusion that what is "reasonable time" is generally a mixed question of law and fact, not only where the evidence is conflicting, but even in some cases where the facts are not disputed; and the matter should be decided by the jury upon proper instructions on the particular circumstances of each case. *Luckhart v. Ogden,* 30 Colo., 557; *Morrison v. Wells,* 48 Kansas, 494; *Searcy v. Hunter,* 81 Texas, 644; *Furniture Co. v. Board Education,* 58 N. J., 646; *Hill v. Hobart,* 16 Me., 168; *Am. Express Co. v. Ryan,* 104 Ala., 267; *Murrell v. Whiting,* 32 Ala., 55; *Railroad v. Pumphrey,* 59 Md., 390; 2 Mechen on Sales, sec. 1132. This seems to be so decided in England. *Fray v. Hill,* 2 E. C. L., 397; *Doe v. Sandham,* 1 T. R., 705; *Ellis v. Thompson,* 3 M. & W., 445.

The time, however, may be so short or so long that the court will declare it to be reasonable or unreasonable as a matter of law. Whether the question of reasonable time is one of fact or law must "from the very nature of things" depend upon the circumstances of each particular case, as business affairs are so kaleidoscopic in their nature that it is seldom, if ever, that any two transactions are exactly alike.

If, from the admitted facts, the court can draw the conclusion as to whether the time is reasonable or unreasonable by applying to them a legal principle or a rule of law, then the question is one of law. But if different inferences may be drawn, or the circumstances are numerous and complicated, and such that a definite legal rule cannot be applied to them, then the matter should be submitted to the jury. It is only when the facts are undisputed and different inferences cannot be reasonably drawn from them, that the question ever becomes one of law. *Colt v. Owens,* 90 N. Y., 368; *Hodges v. Hudson R. R. Co.,* 49 N. Y., 223; *Pinney v. Railroad,* 19 Minn., 251.

This question frequently arises in contracts for sale and delivery of articles of merchandise where no date is fixed for a delivery. Such was the case of *Ellis v. Thompson, supra.* In the case of *Cockes v. Mfg. Co.,* 3 Sumner, 532, *Mr. Justice Story* on the circuit submitted the question of reasonable time to the jury, and in doing so that learned judge referred with approbation to the rule laid down by *Baron Alderson* in *Ellis v. Thompson.* After stating that what was reasonable time for the delivery of the coal at London was a question for the jury in the absence of a specific date in the contract, that eminent English judge says: "It seems to me the correct mode of ascertaining what reasonable time is in such a case as this, is by placing the court and jury in the same situation as the contracting parties themselves were in at the time they made the contract, that is to say, by placing before the jury all those circumstances which were known to both par-

ties at the time the contract was made and under which the contract itself took place."

The term "reasonable time" is a technical and legal expression which in the abstract involves matter of law as well as fact. Thomas Starkie says: "The law cannot prescribe in general what shall be reasonable time by any defined combination of facts, so much does the question depend upon the situation of the parties and the minute and peculiar circumstances incident to each case." Starkie on Ev., p. 769, 774; 1 Daniel on Neg. Inst., sec. 612; 1 Parsons on Notes and Bills; *Wyman v. Adams,* 12 Cush., 210, 214. There is no rule of law by which the court can speak authoritatively as to what is reasonable time for the delivery of merchandise ordered through a salesman at Dunn, N. C., the order to be filled and shipped from Fremont, Ohio. The time, 30 days, is not on either extreme. Many authorities hold that the time may be so short or so long that the court may as matter of law declare it reasonable or unreasonable, but the same authorities say that where the time falls between these extremes what constitutes a reasonable time is a question to be answered by the jury. *Railway Co. v. Birnie,* 59 Ark., 78, citing many cases. As to who shall decide this question of reasonable time has been much controverted in the courts, but we think the better view that it is a mixed question of law and fact, and that, except where the facts are few, simple and undisputed and where only one inference can be drawn, or except where the time is so short or so long that the court may declare it reasonable or unreasonable, it should be left to the sound discretion of the jury under the instruction of the court upon the particular circumstances of the case. *Bacon v. Harris,* 15 R. I., 603.

We find no error in the record and the judgment is
Affirmed.

WALKER and CONNOR, JJ., concur in result.