THE NORTHWESTERN BANK v. JACK W. WESTON, JR.

No. 8427DC307

(Filed 19 February 1985)

**Mortgages and Deeds of Trust § 32.1— deficiency action by second mortgagee purchasing at first mortgage foreclosure**

      G.S. 45-21.36 did not apply to plaintiff's deficiency action on a second mortgage where plaintiff had purchased defendant's house for less than the appraised value at a foreclosure sale held by the first mortgagee. G.S. 45-21.36 was designed to provide protection from mortgagees which purchase at sales they have initiated, not second mortgagees who come to sales as "other purchasers" and who have no duty to bid fair market value or to notify the mortgagor of their bid.

APPEAL by defendant from *Bowen, Judge.* Judgment entered 28 October 1983 in District Court, CLEVELAND County. Heard in the Court of Appeals 27 November 1984.

The defendant, Jack W. Weston, Jr., borrowed $20,000 from the Cleveland Federal Savings and Loan Association (the Savings and Loan) and as security conveyed title to his residence in Cleveland County. He gave a note and a deed of trust to the Savings and Loan. The defendant later borrowed $10,000 from the plaintiff, Northwestern Bank (the Bank), again conveying title to his residence and making a note and a deed of trust (the second deed of trust).

The defendant defaulted on his obligation to the Savings and Loan, which foreclosed on the first deed of trust securing the loan. He also defaulted on the $10,000 loan from plaintiff, making only five interest payments, totaling $583.01.

On 30 March 1982, the Savings and Loan held a mortgage foreclosure sale on the first deed of trust. A representative of the plaintiff Bank bid $26,000 on the defendant's home. This was the highest and only bid. Of that amount, $19,620.27 went to the Savings and Loan to satisfy the first note and deed of trust, and $1,668.42 was applied to the costs of the foreclosure sale. The remaining $4,711.31 received for the house was applied to the $10,000 the defendant owed the Bank.

The plaintiff Bank then brought suit to recover the $5,288.69 that the defendant still owed under his second promissory note.

The Bank claimed in addition to the principal amount, $1,053.61 in interest and $951.00 in attorneys fees.

The defendant answered the complaint by alleging that the plaintiff Bank bid less than the fair market value of the house at the foreclosure sale, and that it is now therefore estopped to claim that defendant is indebted to it for the deficiency. At trial, defendant invoked G.S. 45-21.36.

The trial judge granted a directed verdict against defendant on the promissory note and ordered defendant to pay $7,427.42 in principal and interest to the Bank. Defendant appeals.

*James H. Toms and Ervin W. Bazzle for defendant appellant.*

*Hamrick, Mauney, Flowers, Martin & Deaton, by Thomas W. Martin, Jr., for plaintiff appellee.*

ARNOLD, Judge.

The first issue presented by this appeal is whether G.S. 45-21.36 furnishes a defense against the plaintiff Bank's suit on a promissory note given by defendant. Plaintiff is the holder of the note and of a deed of trust given on defendant's home, which secures the note. The deed of trust is the second deed of trust defendant has given on his property. Plaintiff purchased defendant's property at a foreclosure sale held pursuant to the power of sale of the first mortgage on defendant's property, after defendant's default. Defendant is also in default on the note and deed of trust given for a loan from plaintiff.

When plaintiff, the holder of the second deed of trust, purchased defendant's house at the foreclosure sale held by the first mortgagee, it bid $26,000, somewhat less than $32,000, the amount at which plaintiff's appraiser valued the house at the time of the sale. The $26,000 paid at the sale was applied to the costs of the sale, to the first mortgage, and then to the amount defendant owed plaintiff under the second deed of trust. Yet, this amount did not cover the entire amount owed, and plaintiff now sues on the promissory note to recover the difference. Plaintiff resold defendant's house and recovered $27,500.

Defendant says that because plaintiff did not bid the higher amount, $32,000, he (defendant) should have a defense against

plaintiff's suit under G.S. 45-21.36, and a directed verdict accordingly should not have been granted. Were plaintiff the first mortgagee, who had invoked the power of sale, G.S. 45-21.36 would undoubtedly apply. Yet, plaintiff is the holder of the second deed of trust, and under the terms of the statute does not have the same duties as one who buys at his own sale.

G.S. 45-21.36 provides, in pertinent part:

> When any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset, but not by way of counterclaim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part: Provided, this section shall not affect nor apply to the rights of other purchasers or of innocent third parties, nor shall it be held to affect or defeat the negotiability of any note, bond or other obligation secured by such mortgage, deed of trust or other instrument.
> . . .

The statute does not say that it applies to *any* mortgagee or to *a* mortgagee who holds *an* obligation secured by the property for sale. Rather, it applies to *the* mortgagee, payee or other holder, who holds *"the obligation thereby secured,"* i.e., the obligation secured by the property for sale, and under which the sale is held. The use of the specific article "the" indicates that the statute is designed to protect mortgagors from mortgagees who purchase at sales they have conducted or initiated pursuant to the power of sale in their mortgage contracts with the mortgagors.

Second mortgagees come to these sales as "other purchasers," whose rights, under the express terms of the statute shall not be affected. Defendant thus does not have a defense under the statute against plaintiff, and the directed verdict was properly granted.

Defendant argues further that, apart from the statute, under equitable principles of fairness, the trial judge should have allowed the jury to determine whether the plaintiff bank breached a duty of good faith to defendant by purchasing the house at less than its fair value, and by not notifying the defendant that it would bid less than the $32,000. While we agree that as a mortgagee the plaintiff had a general duty to act in the interests of its mortgagor, we find no authority suggesting that the second mortgagee must attempt to bid a "fair market value" or give the mortgagor notice of its bid at a public sale under the first mortgage.

The second mortgagee has no duty or obligation even to bid at the sale. Under statute, he receives no personal notice that the foreclosure sale is to take place. He has no say in when the sale takes place. He must compete with other bidders.

After carefully reviewing this matter we reject defendant's extraordinary argument. It appears that plaintiff came to the foreclosure sale as any other third party.

Directed verdict is

Affirmed.

Judges WELLS and BECTON concur.