NCNB NATIONAL BANK OF NORTH CAROLINA v. ROBERT O'NEILL AND TED TINSLEY, INDIVIDUALLY AND AS PARTNERS OF T & O INVESTMENTS, A NORTH CAROLINA GENERAL PARTNERSHIP

No. 905SC863

(Filed 19 March 1991)

1. **Mortgages and Deeds of Trust § 32.1 (NCI3d)— mortgagee holding first and second mortgages — anti-deficiency judgment statute applicable**

    When a mortgagee holding two mortgages on the secured property purchases at its own foreclosure sale, its ability to successfully maintain a deficiency action is governed by N.C.G.S. § 45-21.36 regardless of whether it brings the deficiency action to collect on its first or second mortgage.

    **Am Jur 2d, Mortgages §§ 918, 919.**

2. **Mortgages and Deeds of Trust § 32.1 (NCI3d); Partnership § 4 (NCI3d)— partners—property interest sufficient to invoke anti-deficiency judgment statute**

    Individual defendants as partners in defendant partnership, though not enjoying the traditional rights of owners, held a property interest sufficient to invoke the protection of N.C.G.S. § 45-21.36, the anti-deficiency statute, since it would violate principles of equity to allow a creditor a possible windfall recovery from a partner which it could not recover from the partnership on a partnership debt.

    **Am Jur 2d, Mortgages § 910.**

3. **Mortgages and Deeds of Trust § 321 (NCI3d); Partnership § 4 (NCI3d) — partners' reliance on anti-deficiency judgment statute — no error**

There was no merit to plaintiff's contention that allowing defendant to rely on the set-off of N.C.G.S. § 45-21.26 would violate public policy and alter the parties' bargain, since the statute does not relieve the mortgagor of its debt, but simply limits the plaintiff to what it bargained for — repayment in full plus interest, and defendants must still produce evidence that the properties sold were fairly worth the amount of the debt at the time and place of sale, or at least that they were worth substantially more than was bid.

**Am Jur 2d, Mortgages § 910.**

APPEAL by defendants from order entered 26 January 1990 in NEW HANOVER County Superior Court by *Judge James R. Strickland.* Heard in the Court of Appeals 19 February 1991.

Plaintiff brought an action for deficiency judgments against defendants on 29 August 1988. Defendant O'Neill (O'Neill) defaulted on a loan secured by a deed of trust on certain properties. Defendant T & O Investments (T & O) defaulted on two loans secured by other properties. Foreclosure proceedings were initiated by plaintiff, which purchased all of the properties. The sales left a deficiency of over $95,000.00 on the O'Neill loan, and $41,500.00 on the second T & O loan.

Plaintiff moved for summary judgment on the T & O deficiency. Defendants responded with a forecast of evidence tending to show that the properties were worth more than plaintiff had bid on them. The trial court entered an order of partial summary judgment for plaintiff on the T & O deficiency holding all defendants jointly and severally liable for the debt and certified the judgment as final pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. Defendants appeal.

*Moore & Van Allen, by Jonathan D. Sasser and Kevin M. Capalbo, for plaintiff-appellee.*

*Poisson, Barnhill & Britt, by Donald E. Britt, Jr. and J. L. Seay, Jr., for defendants-appellants.*

WELLS, Judge.

[1]   This case turns on whether N.C. Gen. Stat. § 45-21.36 applies on these facts and can be relied on by defendants at a trial on the merits. We hold that it does and reverse the order of summary judgment.

N.C. Gen. Stat. § 45-21.36 states, in pertinent part:

> When any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset, but not by way of counterclaim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part. . . .

Relying on *Northwestern Bank v. Weston*, 73 N.C. App. 162, 325 S.E.2d 694, *cert. denied*, 314 N.C. 117, 332 S.E.2d 483 (1985), plaintiff contends that this statute is inapplicable since it brought this action to collect on the deficiency on the second mortgage on the property, and initiated the foreclosure under a power of sale in the first mortgage. We disagree. The statute applies to the mortgagee who holds the obligation secured by the property for sale. *Id.* It is designed to protect mortgagors from mortgagees who purchase at sales they have conducted or initiated pursuant to the power of sale in their mortgage contracts with the mortgagors. *Id.*

In *Northwestern Bank*, the plaintiff holder of the second mortgage purchased the property at a foreclosure sale initiated by the holder of the first mortgage. Since it did not initiate the sale and had to compete on an even footing with other bidders, we held

that plaintiff should be regarded as an "other purchaser" not subject to the anti-deficiency provisions of the statute.

In this case, plaintiff held both obligations secured by the property sold. It initiated the sale pursuant to a power of sale in the first mortgage contract, but it still purchased at its own sale, and has brought this deficiency action because the sum it bid did not satisfy the second loan. N.C. Gen. Stat. § 45-21.36 applies well-settled principles of equity to provide protection for debtors whose property has been sold and purchased by their creditors for a sum less than its fair value. *Richmond Mortgage & Loan Corp. v. Wachovia Bank & Trust Co.*, 210 N.C. 29, 185 S.E. 482 (1936), *aff'd*, 300 U.S. 124, 81 L.Ed. 552 (1937).

When the mortgagee who initiates the sale also holds the second mortgage on the property, the same possibility of abuse leading to a windfall applies. Plaintiff has provided us with no reason, nor does there appear to be any, why a mortgagor is less in need of protection from a mortgagee purchasing at its own sale simply because the mortgagee holds two mortgages on the property, and bids only enough to cover the first debt despite the fact that the fair value of the property is higher. We hold that when a mortgagee purchases at its own foreclosure sale, its ability to successfully maintain a deficiency action is governed by N.C. Gen. Stat. § 41-21.36 regardless of whether it brings the deficiency action to collect on its second mortgage.

[2] Plaintiff also contends that even if the statute applies to this type of situation, only T & O may rely on it as a defense. The General Assembly clearly intended to limit the protection of the statute to those who hold a property interest in the mortgaged property. *Raleigh Federal Savings Bank v. Godwin*, 99 N.C. App. 761, 394 S.E.2d 294 (1990). Parties without such an interest, but liable on the underlying debt, may not rely on the statute as a defense. *Id.* O'Neill and Tinsley are jointly and severally liable for the debt as general partners of T & O Investments. N.C. Gen. Stat. § 59-45. We must determine, therefore, whether they have any property interest in the mortgaged property.

Each partner is co-owner with his partners of specific partnership property holding as a tenant in partnership. N.C. Gen. Stat. § 59-55(a). The incidents of this tenancy are severely limited. N.C. Gen. Stat. § 59-55(b). These sections of the Uniform Partnership Act tend to lead in opposite directions on the question of a partner's

NCNB v. O'NEILL

[102 N.C. App. 313 (1991)]

interest in specific partnership property, with the first section declaring flatly that partners are co-owners, and the second so limiting a partner's rights as to lead to the conclusion that any interest is at best illusory. *See* A. Bromberg and L. Ribstein, *Bromberg and Ribstein on Partnership*, § 3.04 (1988). This conflict has created confusion and conflicting results in the cases. *Cf. Wills v. Wills*, 750 S.W.2d 567 (Mo. App. 1988), with *Mississippi Valley Title Ins. Co. v. Malkove*, 540 So.2d 674 (Ala. 1988).

A tenancy in partnership is *sui generis. Ewing v. Caldwell*, 243 N.C. 18, 89 S.E.2d 774 (1955). Traditional concepts of ownership and property interests, therefore, do not fit neatly into an analysis of this tenancy. We hold that each partner, though certainly not enjoying the traditional rights of owners, holds a property interest sufficient to invoke the protection of N.C. Gen. Stat. § 45-21.36. If it were otherwise, mortgagees could avoid the requirements of N.C. Gen. Stat. § 45-21.36 when foreclosing on property owned by a partnership simply by suing the partners for a deficiency. *Raleigh Federal Savings Bank, supra*, and the other cases relied on by plaintiff in which we refused to extend the protection of N.C. Gen. Stat. § 45-21.36 all involve an obligor who willingly assumed an independent obligation. In a partnership context, the obligation is imposed by partnership law, based solely on the parties' status as general partners. "Well-settled principles of equity" which this statute is designed to embody would seem to cut against allowing a creditor a possible windfall recovery from a partner which it could not recover from the partnership on a partnership debt.

[3] Finally, plaintiff contends that allowing defendant to rely on the statutory set-off would violate public policy and alter these parties' bargain. This statute does not relieve the mortgagor of its debt. *Richmond Mortgage and Loan Corp.*, 300 U.S. at 129-30, 81 L.Ed. at 555-56. It simply limits the plaintiff to what it bargained for—repayment in full plus interest. *Id.* Defendants still must produce evidence that the properties sold were fairly worth the amount of the debt *at the time and place of sale*, or at least that they were worth substantially more than was bid. For the reasons stated, the order of the trial court is

Reversed.

Judges GREENE and WYNN concur.