7 F.3d 225
 30 Collier Bankr.Cas.2d 190
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RAMADA FRANCHISE SYSTEMS, INCORPORATED, successor in
interest to Ramada, Incorporated, formerly known
as Ramada Inns, Incorporated, Plaintiff-Appellant,
v.
Dinesh BHAGAT; Rajni Bhagat, Defendants-Appellees.
Ramada Franchise Systems, Incorporated, successor in
interest to Ramada, Incorporated, formerly known
as Ramada Inns, Incorporated, Plaintiff-Appellant,
v.
R & D Investment Company, a North Carolina General
Partnership, f/d/b/a Ramada Inn, d/b/a Days Inn,
Defendant-Appellee.
 Nos. 91-2699, 91-2700.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1992.
Decided: October 14, 1993.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge; Hiram H. Ward, Senior District Judge. (CA-89-500-G, CA-90-554-G)
 Nolan B. Harmon, Harmon, Smith, Bridges & Wilbanks, Atlanta, Georgia, for Appellant.
 Rayford Kennedy Adams, III, Tuggle, Duggins & Meschan, P.A., Greensboro, North Carolina, for Appellees.
 Margaret V. Costley, Tuggle, Duggins & Meschan, P.A., Greensboro, North Carolina, for Appellees.
 M.D.N.C.
 AFFIRMED AS MODIFIED AND REMANDED IN NO. 91-2699 AND AFFIRMED IN NO. 91-2700.
 Before WIDENER and HALL, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal is the consolidation of two cases. In the first case (the bankruptcy case), Ramada appeals from an order of the district court affirming the bankruptcy court. The issues in the bankruptcy case involve the amount of Ramada's claims against the bankruptcy estate of R & D Investment Company (R & D), a partnership that operated a Ramada hotel franchise prior to bankruptcy. In the second case (the district court case), Ramada appeals from the dismissal of a separate action filed originally in the district court by Ramada against the general partners of R & D.
 
 
 2
 The principal issue in the bankruptcy appeal is to decide whether a hotel franchisee's rejection of its franchise agreement with Ramada, during the course of the franchisee's Chapter 11 bankruptcy case, entitles Ramada to a claim against the bankruptcy estate for liquidated damages. We affirm and hold that the franchise agreement does not entitle Ramada to liquidated damages. We also affirm the other holdings of the district court.
 
 
 3
 In the district court case we also affirm the holding of the district court that collateral estoppel barred the re-litigation of questions decided by the bankruptcy court. We modify its decision in one respect, however.
 
 I.
 
 4
 The debtor in the bankruptcy case is R & D Investment Co., a partnership whose partners are Dinesh and Rajni Bhagat. For several years, R & D operated a Ramada hotel franchise in Greensboro, North Carolina. Clause 15 of the franchise agreement, provides the key to the disposition of this appeal. Clause 15 provides in relevant part:
 
 
 5
 15. Default. Any of the following events will constitute a default and be good cause for Ramada to terminate the License without prejudice to any other rights or remedies which Ramada may have and exercise:
 
 
 6
 (a) Licensee becomes insolvent or is unable to pay its debts as they become due, or is adjudicated bankrupt, or files a voluntary petition or pleading under the Federal Bankruptcy Code or under any other state or federal bankruptcy or insolvency laws ... (b) Licensee ceases to operate the Hotel ... (c) The license is transferred or assigned in violation of either Section 12 or Section 13 of this Agreement. (d) Licensee is, or is discovered to have been, convicted of a felony or other crime of moral turpitude likely to adversely affect or reflect upon theHotel or the parties. (e) Licensee violates or breaches or fails to comply with any other term or condition of this Agreement, and Licensee fails to cure such violation or breach or non-compliance within thirty (30) days after written notice from Ramada.
 
 
 7
 Upon termination (whether by reason of default, lapse of time or otherwise), Licensee will immediately cease all use of the System, including among other things, use by advertising or otherwise of the words "Ramada," "Ramada Inn" and all other service marks, trademarks, slogans, signs and emblems of the System....
 
 
 8
 If the License is terminated pursuant to (a), (b), (c), (d) or (e) above, Licensee will immediately pay Ramada (as liquidated damages for premature termination and not as a penalty or as damages for any breach of the Agreement or as a substitute for other payments due to Ramada) an amount equal to the greater of (x) $50,000 or (y) the sum of all monthly payments required under Section 6 during the 24 months preceding termination (or such shorter number of months between the date of termination and the date of expiration of the term of the License).
 
 
 9
 Licensee will pay all costs, expenses and reasonable attorneys fees incurred by Ramada in enforcing the terms and conditions of this Agreement.
 
 
 10
 Things did not go well and in September of 1986 R & D began discussions with Days Inns of America Franchising, Inc. about converting the hotel from a Ramada Inn to a Days Inn. On September 11, 1986, Ramada gave R & D notice that Ramada intended to terminate the franchise agreement in December.
 
 The Bankruptcy Case
 
 11
 On November 19, 1986, R & D filed a Chapter 11 bankruptcy petition. The automatic stay, therefore, prevented Ramada from proceeding with its plan to terminate the franchise agreement. On February 10, 1987, Ramada filed a proof of claim for unpaid franchise fees under the agreement in the total amount of $15,788.90.[1] At about the same time, R & D filed its "Motion for Authority to Reject Executory Contract," seeking permission to reject its franchise agreement with Ramada. On March 13, 1987, Ramada filed its "Consent of Ramada Inns, Inc. to the Application of Debtor to Reject the Executory Contract," in which Ramada consented to R & D's rejection of the franchise agreement. It asked that "Debtor be ordered to pay fees and expenses to Ramada, as provided by its agreement, in full through the effective date of the order of rejection." Post petition franchise fees, incidentally, were paid in full by R & D, so there is no claim concerning them.
 
 
 12
 In addition to unpaid franchise and other fees, Ramada claimed $1,236.87 in post-petition interest on those fees for the period of 12/1/86 through 7/31/87, attorneys fees of $9,196.80 for the period February through May of 1987, and liquidated damages of $139,716.64. Ramada did not claim any actual damages.
 
 
 13
 On September 4, 1987, the bankruptcy court granted R & D's motion to reject the franchise agreement with Ramada, ordering "that the entry of this Order shall constitute such rejection by the Debtor, effective as of August 28, 1987." On September 30, 1987, Ramada wrote R & D to give "Ramada's official notice of[its] decision to terminate and cancel the [franchise agreement with R & D] ... effective at the close of business August 28, 1987."
 
 
 14
 R & D objected to Ramada's claim for post-petition interest, attorneys fees and liquidated damages. On January 17, 1990, the bankruptcy court agreed with R & D's objections, disallowing Ramada's claims for liquidated damages, attorneys fees and post-petition interest in their entirety. As to the issue of liquidated damages, the bankruptcy court found as facts (1) that the franchise agreement had not been terminated as of the date of R & D's bankruptcy petition, and (2) that the franchise agreement "was not terminated by Ramada pursuant to subparagraphs (a), (b), (c), (d) or (e) in Paragraph 15 of the[agreement] but by the Debtor through rejection of the [agreement] as allowed under the Bankruptcy Code." As to attorney's fees, the bankruptcy court concluded that the provision of paragraph 15 of the franchise agreement providing for attorney's fees was rejected when the franchise agreement was rejected and, therefore, the attorney fee provision was "not applicable in this case." The bankruptcy court also concluded that, because Ramada's claims all were unsecured, Ramada was not entitled to attorneys fees under § 506(b) of the Bankruptcy Code. Finally, the bankruptcy court concluded that Ramada was not entitled to post-petition interest because Ramada was an unsecured creditor, citing 11 U.S.C. § 506(b).
 
 
 15
 Ramada appealed to the district court. On November 2, 1990, R & D moved to dismiss Ramada's appeal for failure to prosecute it, specifically for failure to transmit the record on appeal to the district court. R & D alleged that it was prejudiced because Ramada's delay prevented it from distributing assets to unsecured creditors under its Chapter 11 plan, which had been confirmed on July 13, 1989. On July 12, 1991, the district court denied R & D's motion to dismiss the appeal, affirmed the liquidated damages issue on the merits, and held that Ramada had abandoned the interest and attorneys fees issues by failing to brief them.[2] The district court also ordered Ramada's attorney to pay R & D $580.00 as a sanction for failing to prosecute the appeal in a timely fashion.
 
 The District Court Case
 
 16
 While R & D's objection to Ramada's claim for post-petition interest, attorneys fees and liquidated damages was pending in the bankruptcy court, Ramada filed a complaint in the district court against the individual partners of R & D, Dinesh Bhagat and Rajni Bhagat. This complaint was filed on July 18, 1989. The complaint acknowledged that Ramada was proceeding against R & D in the bankruptcy proceeding, but alleged that the partnership property would not be sufficient to cover the debts owed Ramada. Ramada sought recovery against the defendants individually for the same items in the same amounts for which it sought recovery against R & D in the bankruptcy case, a total of $166,131.14. The parties stipulated certain facts, and both sides moved for summary judgment. The district court granted summary judgment against Ramada on July 3, 1991, finding that collateral estoppel barred Ramada's action.
 
 
 17
 After filing motions for reconsideration in both the bankruptcy case and the district court case, both of which were denied, Ramada took its appeal to this court in both cases. The appeals were consolidated.
 
 II.
 
 18
 We first address whether Ramada is entitled to a claim for liquidated damages against the bankruptcy estate of the partnership, R & D. Rejection of an executory contract is treated as a breach of the contract under the Bankruptcy Code. 11 U.S.C. § 365(g). A party to an executory contract that is rejected has a pre-petition claim against the estate for damages arising from the rejection/breach. 11 U.S.C. § 502(g). In this case, we look to the franchise agreement itself, which by its plain meaning disposes of Ramada's claim for liquidated damages.
 
 
 19
 The critical portion of the franchise agreement is clause 15. This clause makes two critical provisions. First, it provides that any of certain listed events will "be good cause for Ramada to terminate the License without prejudice to any other rights or remedies which Ramada may have and exercise." Second, it provides that "[i]f the License is terminated pursuant to [any of the listed events], Licensee will immediately pay Ramada (as liquidated damages for premature termination and not ... as damages for any breach of the Agreement ... )" a sum of money. The first provision speaks only to Ramada's ability to terminate when certain conditions are met. Because the second provision specifies what will happen when the agreement is terminated "pursuant to" one of the listed conditions, the most reasonable interpretation of the second provision, and that adopted by the district and bankruptcy courts, is that it simply specifies what the parties' rights will be when the franchise is terminated by Ramada pursuant to the first provision. The second provision, therefore, entitles Ramada to liquidated damages only when Ramada terminates the franchise agreement, not when the agreement is breached under other circumstances.
 
 
 20
 We are of opinion that the agreement was not terminated by Ramada. Rather, as held below, it was terminated by R & D's rejection of the contract, which was ordered by the bankruptcy court on September 4, 1987. Although, Ramada had started the process of terminating the franchise by issuing notice to R & D on September 11, 1986 that it intended to terminate the franchise in December of 1986, Ramada had not yet terminated the franchise on the date of R & D's bankruptcy petition. The bankruptcy petition of course invoked the automatic stay provision, which prevented Ramada from proceeding as planned to terminate the franchise in December. 11 U.S.C. § 362(a)(3). Without lifting the automatic stay, which it did not attempt, Ramada could not have taken any post-petition action to terminate the agreement, and in fact did not take any such action until its letter of September 30, 1987. If it seems inequitable that Ramada should be deprived of liquidated damages by R & D's filing a bankruptcy petition after Ramada had started but not yet completed the termination process, any such inequity is mandated by the plain terms of Ramada's franchise agreement with R & D and by the Bankruptcy Code. See Lubrizol Enterprises v. Richmond Metal Finishers Inc., 756 F.2d 1043, 1048 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986). We are of opinion that, for these reasons, Ramada was not entitled to liquidated damages.
 
 
 21
 Ramada argues that it is entitled, in any event, to have the bankruptcy case remanded so that it can present evidence of actual damages. The bankruptcy court found as a fact that Ramada did not file a proof of claim seeking actual damages. This finding is correct. The district court held that Ramada was raising the issue of actual damages for the first time on appeal and, citing Bankruptcy Rule 9033(b), declined to consider the issue.
 
 
 22
 Even as we consider that the rejection of the agreement under 11 U.S.C. § 365 amounted to a breach of the agreement immediately before the date of the filing of the petition, unders 365(g)(1), and that the order of the bankruptcy court granting R & D permission to reject the agreement was entered September 4, 1987, some months after Ramada's initial claim had been filed, the record shows that some two years later, on October 20, 1989, Ramada filed an itemization of its claim, in which it insisted on liquidated damages and did not mention actual damages. The hearing before the Bankruptcy Court on R & D's motion to reject the claim of Ramada had just been held on October 12, 1989, and no mention of any actual damages was made at that hearing. So up until and even after the hearing before the bankruptcy court, despite ample time, no claim for actual damages was ever submitted to the bankruptcy court. The holding of the district court that the matter of actual damages was raised for the first time on appeal is correct. Its holding declining to consider the matter of actual damages is affirmed.
 
 
 23
 The next question is Ramada's claim against the bankruptcy estate for attorneys fees and interest. As we have noted, the district court held that because Ramada had failed to brief these two issues, they were abandoned.[3] Whether the cursory treatment of the matter demonstrated in the note below amounted to abandonment as held by the district court is a question we do not address, for there is no merit to the contentions in any event.
 
 
 24
 Ramada has not chosen to distinguish in its claim any small amount which may or may not be due or allowable for preparing the claim for pre-petition franchise fees which were allowed in full, so we do not consider that issue. The balance of Ramada's claim for attorneys' fees is bound to be for the pursuit of post-petition interest and liquidated damages, and even actual damages. Because none of those has been awarded, no attorneys fees are in order.
 
 
 25
 Because Ramada is an unsecured creditor, its claim for postpetition interest falls within the general rule disallowing post-petition interest. 11 U.S.C. § 502(b)(2); see United Savings Assn. v. Timbers of Inwood Forest, 484 U.S. 365, 373 (1988).
 
 
 26
 Ramada next argues that the district court erred in ordering Ramada's counsel to reimburse R & D for the attorneys' fees, $580.00, that R & D incurred in preparing its motion to dismiss Ramada's appeal from the bankruptcy court. When it appealed from the bankruptcy court, Ramada filed a "Designation of Contents for Inclusion in Record on Appeal," as required by Bankruptcy Rule 8006, designating as part of the record certain transcripts of proceedings before the bankruptcy court. Ramada's "Designation of Contents" was filed on February 8, 1990. On October 3, 1990, Ramada moved for an extension of time to perfect its record on appeal, which was denied on November 1, 1990. The next day, R & D moved to dismiss Ramada's appeal for failure to prosecute because, after nine months, the bankruptcy court transcript had not yet been transmitted to the district court.
 
 
 27
 The district court found that Ramada's delay violated Bankruptcy Rule 8006, which provides in part that "[i]f the record designated by any party includes a transcript ... the party shall immediately after filing the designation deliver to the reporter and file with the clerk a written request for the transcript." Bankruptcy Rule 8006. The district court found, however, that because Ramada's delay could be attributed to "a paralegal's inability to discern which proceedings needed to be transcribed," dismissal of the appeal would be an overly severe sanction. Instead, because it found that "the delay could have been avoided by the exercise of diligence and because it occasioned the filing of a non-frivolous motion," the district court ordered "counsel of record for Ramada pay $580.00 counsel fees to R & D," such fees being with respect to the motion. We are of opinion this was not an abuse of discretion and find the point is without merit.
 
 III.
 
 28
 In the district court case, Ramada sued Dinesh Bhagat and Rajni Bhagat individually as the partners in R & D Investment Company for obligations of the partnership under the franchise agreement. The suit was for $166,131.14, the exact amount of the claim in the bankruptcy court. It consisted of $15,980.83 in pre-petition franchise fees which were agreed by the parties to be due to Ramada and which were being determined by the bankruptcy court. The balance of the sum was for post-petition interest and attorneys fees and for liquidated damages, the same issues which were being litigated and which would be decided adversely to Ramada in the bankruptcy court.
 
 
 29
 The district court correctly held that Ramada was barred from relitigating those issues. While it acknowledged that partners were liable for partnership liabilities, it correctly held that a general partner's liability is derivative, so that under the principle that a partner is responsible for liabilities of the partnership, he is not responsible if the partnership is not. The district court inferred this from the North Carolina statute, N. C. Gen. Stat. § 59-45, as do we, and case law is in agreement. See NCNB National Bank of North Carolina v. O'Neill, 401 S.E.2d 858, 860 (N.C. App. 1991).
 
 
 30
 Accordingly, the holding of the district court that Ramada is not entitled to pre-petition interest, is not entitled to attorneys fees, and is not entitled to liquidated damages is affirmed.
 
 
 31
 The dismissal of the case, however, by the district court must be modified on remand to be with prejudice as to all things and matters decided by the opinion except the said sum of $15,980.83 for prepetition franchise fees, and as to that sum the dismissal should be without prejudice as to any effort by Ramada to collect the said sum of $15,980.83 from the general partners as awarded by the bankruptcy court. Such collection efforts, of course, should be in accordance with law.
 
 
 32
 No. 91-2699 is affirmed as modified and remanded with instructions. No. 91-2700 is affirmed.
 
 
 
 [1]
 An item of $191.93 for purchasing was added to this sum without objection by amended claim filed August 7, 1987
 
 
 [2]
 Although in its brief before this court Ramada cites to portions of the Joint Appendix that supposedly show that Ramada did in fact brief these issues in the district court, the cited pages of the Joint Appendix in fact reproduce Ramada's motions and brief in the bankruptcy court, not the district court. Ramada's brief before the district court, filed April 24, 1991, does not appear in the Joint Appendix
 
 
 [3]
 The entire treatment in the brief as follows:
 The debtor's rejection of the executory contract under § 365 does not mean that the debtor rejected the provisions of the contract providing for liquidated damages, interest and attorneys fees. See, Lindermuth v. Myers, 84 Bankr. 164 (D.S.D. 1985), In re Elm Inn, Inc., 105 Bankr. 546 (9th Cir. 1989), In re Don & Lin Trucking Co., Inc., 110 Bankr 562 (N.D. Ala. 1990). Consequently, it was clearly erroneous for the Bankruptcy Court to deny Ramada its claim for liquidated damages, interest and attorneys fees as stipulated by the parties.