FIRST CITIZENS BANK & TRUST COMPANY, Plaintiff v. WILLIAM D. CANNON and BARBARA V. SHAUT f/k/a BARBARA V. CANNON, Defendants

No. COA99-755

(Filed 16 May 2000)

**1. Mortgages— foreclosure sale—purchase by lender—deficiency judgment—value of secured property**

In a case where mortgaged property was purchased at a foreclosure sale by the lender, the trial court did not err by concluding defendant Cannon was not indebted to plaintiff after the foreclosure sale because defendant presented competent evidence under the N.C.G.S. § 45-21.36 defense that the property was worth

the amount of the debt secured by it, and the amount bid by plaintiff at the foreclosure sale was substantially less than its true value.

### 2. Judgments— default—deficiency action—good cause not shown

Although defendant Shaut alleged she was unaware that she was required to file an answer to plaintiff's complaint and thought she was entitled to rely on her former husband's defense of this deficiency action since it related to property jointly owned by them, the trial court did not abuse its discretion by failing to grant defendant Shaut's motion to set aside an entry of default almost six months after its entry because defendant failed to show good cause.

Appeal by defendant Shaut from an order entered 3 March 1998 by Judge Jay D. Hockenbury and from a judgment entered 2 November 1998 by Judge Louis B. Meyer, Jr., in Pitt County Superior Court. Appeal by plaintiff from judgment entered 5 February 1999 by Judge Clifton W. Everett, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 30 March 2000.

*Ward and Smith, P.A., by J. Michael Fields, for plaintiff appellant.*

*W. Gregory Duke for defendant appellant Barbara V. Shaut.*

*Mattox, Davis & Barnhill, P.A., by Ann H. Barnhill, for defendant appellee William D. Cannon.*

HORTON, Judge.

On 5 May 1987, defendant William D. Cannon and his then wife, Barbara V. Cannon, now Barbara V. Shaut (Shaut), purchased certain real property in Pitt County for the sum of $185,000.00. They used the property as their residence and made certain improvements to the property. In May 1994, defendants refinanced the property through First Citizens Bank & Trust Company (plaintiff), securing a loan of $175,000.00 by a deed of trust on their property. Prior to making the May 1994 loan, plaintiff secured an appraisal on the property from James R. Stocks. Mr. Stocks appraised the Cannon property at $238,000.00.

Defendants defaulted on their obligation, and plaintiff instituted a foreclosure proceeding. In November 1996 the debt still owing to

plaintiff was $180,076.14. The real property was sold at a public sale held on 15 November 1996. Plaintiff made the high bid of $137,500.00 on the property. Plaintiff's bid was not increased, and was confirmed by the clerk of superior court on 26 November 1996. Plaintiff then sold the defendants' property on 8 April 1997 for $165,000.00. After giving defendants credit for the net amount realized at the sale, there was a deficiency of $29,406.21. Plaintiff filed this action on 13 May 1997 against both defendants for the principal amount of the deficit, interest, and attorney fees.

Defendant Shaut was personally served with summons and complaint, but neither filed an answer nor sought an extension of time in which to file an answer. An entry of default was made against her on 28 July 1997. In January 1998, Ms. Shaut moved to set aside the entry of default, but the court denied her motion. A default judgment was subsequently entered against Ms. Shaut for the full amount prayed for by plaintiff, with interest and attorney fees. Ms. Shaut appealed from the default judgment entered against her.

Defendant Cannon filed an answer denying liability to plaintiff, and pleading in defense that the property was worth the amount owed on it on the date of confirmation of the foreclosure sale. At a nonjury trial of the matter, the trial court found that defendant Cannon was not indebted to plaintiff in any amount and plaintiff appealed to this Court.

Plaintiff's Appeal

[1] Defendant Cannon pled N.C. Gen. Stat. § 45-21.36 (1999) in defense and offset of plaintiff's claim for a deficiency judgment against him. This statute provides in pertinent part that

> it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset . . . that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part . . . .

Id.

Mr. Cannon alleged in his answer that not only was the subject property fairly worth the amount owed on it at the time and place of

sale but also that plaintiff's bid on the property was substantially less than the true value of the property.

After a nonjury trial on the merits, the trial court found that the property in question was "fairly worth the amount of the debt secured by it at the time and place of the foreclosure sale. The Court further finds that the amount bid by the plaintiff at the foreclosure sale was substantially less than its true value." Based on that finding of fact, the trial court concluded that the plaintiff was not entitled to recover anything from defendant Cannon.

Plaintiff argues that the finding of fact made by the trial court regarding the value of the subject property on the date of the foreclosure sale was not supported by competent evidence. We disagree. Evidence was introduced that Mr. Stocks, who appraised the Cannon home in 1994, valued the property at $199,000.00 in July 1996, just four months prior to the public sale of the property. Pitt County tax appraisals for 1996 and 1997 were introduced into evidence without objection. Both tax appraisals, dated December of their respective years, valued the property in question at $204,710.00.

Plaintiff argues that the evidence of the 1996 tax appraisal was incompetent because it was dated one month following the foreclosure sale. While we agree that the crucial date is the date of the foreclosure sale, there is no evidence in this record that the value of the property changed between 15 November 1996 and 23 December 1996. We are aware that plaintiff introduced evidence through Mr. Hales, a realtor, which established a lower valuation of defendant's property on the date of the public sale. However, where the trial court sits as trier of fact, it may reject some of the evidence while accepting other evidence as it assesses the credibility of the witnesses. Moreover, the court will determine the weight to be given all competent evidence. *Riley v. Ken Wilson Ford, Inc.* 109 N.C. App. 163, 168, 426 S.E.2d 717, 720 (1993).

Although there was other evidence of value offered by plaintiff which might have supported a different finding, evidence offered by defendant Cannon was competent and supported the findings of fact made by the trial court. Accordingly, the judgment of the trial court is affirmed.

### Defendant Shaut's Appeal

[2] Defendant Shaut contends that the trial court abused its discretion in failing to set aside the default entered against her on 28 July

1997. Rule 55(d) of the North Carolina Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." Only the motion to set aside the entry of default is before us at this time. The courts of this state have previously held that a motion pursuant to this rule is "addressed to the sound discretion of the court." *Britt v. Georgia-Pacific Corp.*, 46 N.C. App. 107, 108, 264 S.E.2d 395, 397 (1980). Whether "good cause" has been shown, considering the facts and circumstances of the case, is also within the discretion of the trial court. On appeal, the decision of the trial court will not be disturbed absent a clear abuse of that discretion. *Id.*

In *Britt*, the defendant's legal department received the suit papers on 7 June 1978 but misplaced them. The papers were not relocated until 12 July 1978, the day the default entry was made against it. The trial court held in its discretion that those circumstances did not constitute "good cause" to set aside the entry of default, and this Court upheld the trial court's decision. *Id.* By way of contrast, compare *Automotive Equipment Distributors, Inc. v. Petroleum Equipment & Services, Inc.*, 87 N.C. App. 606, 361 S.E.2d 895 (1987) to the situation in *Britt*. In *Automotive Equipment Distributors*, Judge (now, Justice) Orr, writing for this Court, set out the following principles which this Court must consider in reviewing the trial court's refusal to set aside an entry of default:

(1) was defendant diligent in pursuit of this matter; (2) did plaintiff suffer any harm by virtue of the delay; and (3) would defendant suffer a grave injustice by being unable to defend the action.

*Id.* at 608, 361 S.E.2d at 896-97.

In *Automotive Equipment*, defendant was in communication with its attorney during the period for filing the answer, but its counsel did not file a responsive pleading due to a family medical emergency, and default was entered. Only five days thereafter, defendant moved through other counsel to set aside the entry of default and default judgment and the clerk allowed the motion. On appeal to the superior court, that court reinstated the entry of default. In reversing the refusal of the trial court to set aside the entry of default, we emphasized the diligent attention to its legal affairs defendant had demonstrated by employing counsel and consulting on several occasions with counsel about the case. We also noted plaintiff's failure to show prejudice and the injustice which would result from failing to

allow defendant to defend the case on its merits, and concluded that "justice would best be served by permitting defendant to try this case on its merits." *Id.* at 609, 361 S.E.2d at 897.

Here, defendant Shaut filed her motion to set aside the entry of default almost six months after its entry. She alleged that she "was unaware that she was required to file an Answer to the Plaintiff's complaint as she is not an attorney and has not been involved in civil litigation, other than the present domestic civil action." The trial court found that Shaut had not shown "good cause" to set aside the entry of default and denied defendant Shaut's motion. Although defendant Shaut argues that she thought she was entitled to rely on her former husband's defense of this deficiency action, since it related to property jointly owned by them, we cannot say on these facts that the decision of the learned trial court not to set aside the entry of default was unsupported by reason. The judgment against Ms. Shaut must be, and is,

Affirmed.

Judges WYNN and SMITH concur.