BLUE RIDGE SAVINGS BANK, INC., Plaintiff v. GUY MITCHELL, AMY MITCHELL, and ELOISE MITCHELL, Defendants

No. COA11-289

(Filed 7 February 2012)

**Real Property—foreclosure—insufficient evidence bid substantially less than true value**

> The trial court did not err in a foreclosure case by entering summary judgment in favor of plaintiff. Although there may have been a genuine issue of material fact as to the property's true value, the highest of those possible values was not sufficient to show that plaintiff bid "substantially less" than the property's true value, in violation of N.C.G.S. § 45-21.36.

Appeal by defendants from judgment entered 16 November 2010 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 13 September 2011.

*Dungan Law Firm, P.A., by James W. Kilbourne, Jr., for plaintiff.*

*Frank G. Queen, PLLC, by Frank G. Queen, for defendants.*

ELMORE, Judge.

Guy Mitchell, Amy Mitchell, and Eloise Mitchell (defendants) appeal from an order of summary judgment in favor of Blue Ridge Savings Bank, Inc. (plaintiff), decreeing that plaintiff is entitled to recover $32,746.96 plus interest and reasonable attorney's fees from defendants. We affirm.

On 19 February 2002, defendants executed a promissory note in the principal amount of $130,000.00 with an interest rate of nine percent per year. Plaintiff was the lender, and the debt was secured by a deed of trust in favor of plaintiff dated 19 February 2002. The deed of trust secured a four-acre property in Haywood County. According to the complaint, the parties modified the original promissory note on 24 March 2009, changing the interest rate to 11.5 percent per year.

Defendants failed to make payments under the promissory note, and plaintiff foreclosed on the property. On 21 May 2010, plaintiff held a public foreclosure auction but was itself the only and highest bidder with a bid of $100,000.00. On 24 May 2010, plaintiff sent a demand letter to defendants to collect $32,746.96, the balance remaining on their loan after the net proceeds of the foreclosure sale

were applied. Defendants did not pay the balance, and plaintiff sued them on 1 June 2010.

In their answer, defendants moved to dismiss for failure to state a claim. Plaintiff moved for judgment on the pleadings, or, in the alternative, summary judgment. The trial court heard plaintiff's motion on 16 November 2010, and it determined that no genuine issues of material fact existed and that plaintiff was entitled to judgment as a matter of law. Although the parties did not submit a transcript of the hearing, they agree that the following evidence was presented to the trial court: (1) the affidavit of Scott Nesbitt, Vice President of Blue Ridge Savings Bank, Inc.; (2) an appraisal report of the property, performed at plaintiff's request by James E. Hackney on 28 June 2010; and (3) the affidavit of Ann Eavenson, a co-owner of Main Street Realty in Waynesville.

According to Nesbitt's affidavit, plaintiff listed the property in May 2010 and sold it five months later on 26 October 2010 for $110,000.00 in an arms-length transaction to an unrelated third party. In the appraisal, Hackney estimated the market value of the property to be $109,000.00. He also stated that plaintiff listed the property for $129,900.00 after buying it at the auction. According to Eavenson's affidavit, the property was listed for sale on 30 October 2009 for $319,900.00, it was listed again in January 2010 for $299,000.00, and "during the foreclosure period, an oral offer was made by another real estate agent on behalf of an investor in the amount of $150,000.00," though that "offer was never formally reduced to a written offer to purchase."

On appeal, defendants argue that plaintiff violated N.C. Gen. Stat. § 45-21.36 by bidding "substantially less" than the property was worth. They argue that there is a genuine issue of material fact as to the property's true value, given the range of values presented in the two affidavits and appraisal. Although we agree that there may be a genuine issue of material fact as to the property's true value, the highest of those possible values is not sufficient to show that plaintiff bid "substantially less" than the property's true value, and, thus, defendants' argument fails as a matter of law.

Section 45-21.36 "applies well-settled principles of equity to provide protection for debtors whose property has been sold and purchased by their creditors for a sum less than its fair value." *NCNB Nat'l Bank v. O'Neill*, 102 N.C. App. 313, 316, 401 S.E.2d 858, 859 (1991) (citation omitted). The statute limits the "possibility of abuse leading to a windfall" for the creditor. *Id.* It states, in relevant part:

> When any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset . . . that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon such showing, to defeat or offset any deficiency judgment against him, either in whole or in part[.]

N.C. Gen. Stat. § 45-21.36 (2009). Here, defendants argue that the amount bid ($100,000.00) was substantially less than the property's true value, which they assert could have been as little as $109,000.00 or as much as $150,000.00.

As a preliminary matter, we note that only the values of $100,000.00, $109,000.00, and $110,000.00 were competent evidence of the property's true value. Neither the list price of $129,000.00 nor the unaccepted oral offer of $150,000.00 is competent evidence of market value:

> It is not the offering of property at a given price that furnishes evidence of market value; it is the actual sale by a seller willing but not obliged to sell, to a buyer willing but not obligated to buy. An owner may and frequently does place a higher price on his property than it will bring in the market. It is not until a voluntary buyer is willing to take the property at the stated price that the transaction becomes an indication of market value. A mere offer to buy or sell property is incompetent to prove its market value. The figure named is only the opinion of one who is not bound by his statement and it is too unreliable to be accepted as a correct test of value.

*North Carolina State Highway Com. v. Helderman*, 285 N.C. 645, 654-55, 207 S.E.2d 720, 727 (1974) (quotations and citations omitted); *see also Canton v. Harris*, 177 N.C. 10, 13, 97 S.E. 748, 749 (1919) (quoting *Sharp v. United States*, 191 U.S. 341, 349, 48 L. Ed. 211, 213

(1903)) (" 'Oral and not binding offers are so easily made and refused in a mere passing conversation and under circumstances involving no responsibility on either side as to cast no light upon the question of value. It is frequently very difficult to show precisely the situation under which these offers were made. In our judgment, they do not tend to show value, and they are unsatisfactory, easy of fabrication, and even dangerous in their character as evidence upon this subject.' "). Neither party disputes that the $100,000.00 auction price and the $109,000.00 appraisal are evidence of the property's market value, though plaintiff does argue that the $110,000.00 sale price is not competent evidence of market value. However, our Supreme Court has explained that

> [s]uch subsequent sale would simply be a circumstance indicating the fair value of the property at the time of the foreclosure, the weight to be given it depending upon other circumstances such as the lapse of time between the foreclosure and the subsequent sale and the known probability, at the time of the foreclosure sale, that such subsequent sale could be made.

*Wachovia Realty Inv. v. Housing, Inc.*, 292 N.C. 93, 113 232 S.E.2d 667, 679 (1977). Accordingly, the range of values supported by competent evidence is $100,000.00 to $110,000.00. Nevertheless, plaintiff's $100,000.00 bid at the foreclosure sale is not substantially less than the top value of $110,000.00.

Our appellate courts have not set out particular guidelines as to what "substantially less" than the property's true value means. However, this Court has affirmed a judgment that a bid that was twenty percent less than the appraised value of the property was "substantially less" than the property's true value. *First Citizens Bank & Trust Co. v. Cannon*, 138 N.C. App. 153, 154-56, 530 S.E.2d 581, 582-83 (2000). In that case, the debtors were entitled to the defense set out in § 45-21.36 *Id.* at 155-56, 530 S.E.2d at 583. Here, the percentage difference between the appraised value of the property and plaintiff's bid is nine percent, and if we take the sale price of $110,000.00, the percentage difference is ten percent. These values do not approach the twenty percent difference, which we characterized as "substantially less" in *Cannon.*

Though the twenty percent mark is not a bright line rule or cut-off by any interpretation, defendants offer no authority (including any reference to *Cannon*) supporting their assertion that the bid was substantially less than the true value or fair market value of the property;

indeed, the argument is based merely on the fact that both the appraised value and the subsequent sale price were more than the bid. Because the statute requires that the bid be "substantially less" than true value, not just "less" than true value, and because defendants have offered no authority or cogent argument supporting their claim that plaintiff's bid was substantially less than the property's true value, we affirm the order of the trial court.

Affirmed.

Judge MCGEE concurs.

Judge HUNTER, JR., Robert N., dissents by separate opinion.

HUNTER, JR., Robert N., Judge, dissenting.

I believe the majority errs in its reading of *First Citizens v. Cannon*, 138 N.C. App. 153, 530 S.E.2d 581 (2000), when it holds that a nine or ten percent difference between the amount bid and the property's true value in the case *sub judice* is not "substantially less" under N.C. Gen. Stat. § 45-21.36 because that difference is less than the twenty percent difference in *Cannon*. In *Cannon*, this Court never specifically characterized the bid amount to be "substantially less" than the property's true value; this was only done by the trial court. *Cannon*, 138 N.C. App. at 156, 530 S.E.2d at 583. Instead, this Court addressed the appellant's argument that the trial court relied on incompetent evidence in determining the true value of the property in question. *Id.* This Court disagreed with the appellant's argument and affirmed the trial court's decision. *Id.* The appellant made no argument regarding whether the amount bid was in fact "substantially less" than the value of the true property, and, as such, this Court did not address the issue. Therefore, to refer to the amount bid and property value difference of twenty percent in *Cannon* as a percentage this Court upheld as "substantially less" is not supported in my reading of *Cannon*.

I am further concerned with the majority's analysis of whether plaintiff's bid was "substantially less" than the true value of the property in question. "A deficiency judgment is an 'imposition of personal liability on [the] mortgagor for [the] unpaid balance of mortgage debt after foreclosure has failed to yield [the] full amount of due debt.' " *Hyde v. Taylor*, 70 N.C. App. 523, 526, 320 S.E.2d 904, 906 (1984) (citation omitted).

**BLUE RIDGE SAV. BANK, INC. v. MITCHELL**

[218 N.C. App. 410 (2012)]

> G.S. 45-21.36 allows a debtor to claim a setoff against a deficiency judgment to the extent that the bid at the foreclosure is *substantially less than the true value of the realty*, where (1) the creditor forecloses pursuant to a power of sale clause, (2) there is a deficiency, and (3) the creditor who forecloses is the party seeking a deficiency judgment.

*Id.* at 526, 320 S.E.2d at 906-07 (emphasis added). Defendants here seek such a deficiency judgment, yet the majority faults defendants for failing to "offer [] authority (including any reference to *Cannon*) supporting their assertion that the bid was substantially less than the true value or fair market value of the property." However, thorough research of the case law of this state reveals that neither this Court nor our Supreme Court has provided guidance on how to show a bid amount is "substantially less" than the true value of the property. I agree with the majority when it states, "Our appellate courts have not set out particular guidelines as to what 'substantially less' than the property's true value means," nevertheless the majority faults defendants for failing to offer "authority or cogent argument" to support their position. With no guidance provided by our appellate courts, I do not see how defendants can be penalized for failing to adequately show plaintiff's bid was "substantially less" than the true value of the property.

In my opinion, determining the issue of whether the amount bid is "substantially less" than the true value of the property is a mixed question of law and fact, similar to that of determining what a "reasonable time" means. The North Carolina Supreme Court has held

> what is [a] "reasonable time" is generally a mixed question of law and fact, not only where the evidence is conflicting, but even in some cases where the facts are not disputed; and the matter should be decided by the jury upon proper instructions on *the particular circumstances of each case.*

> The time, however, may be so short or so long that the court will declare it to be reasonable or unreasonable as [a] matter of law. . . .

> If, from the admitted facts, the court can draw the conclusion as to whether the time is reasonable or unreasonable by applying to them a legal principle or a rule of law, then the question is one of law. But if different inferences may be drawn, or the circumstances are numerous and complicated and such that a definite legal rule can not be applied to them, then the matter

should be submitted to the jury. It is only when the facts are undisputed and different inferences can not be reasonably drawn from them that the question ever becomes one of law.

*Claus v. Lee*, 140 N.C. 552, 554–55, 53 S.E. 433, 434–35 (1906) (citations omitted) (emphasis added). Similarly, what is "substantially less" is also a uniquely individualized and subjective issue: where a ninety cent bid on a property worth one dollar (a ten percent less bid) may not be "substantially less" than the property's true value, a $900,000 bid on a property worth $1,000,000 (also a ten percent less bid) may be. Moreover, a bid that is ten percent less than the property value may or may not be "substantially less" than the true value of the property depending on varying market conditions. Because determining whether the amount bid is "substantially less" than the true value of the property is such a unique inquiry resulting in varied results even for similar percentage differences, I believe such a determination cannot be made without looking to the particular circumstances of each case, as is done when determining "reasonable time." Only if such facts and particular circumstances are presented to the trial court do I believe the court may decide the issue on summary judgment. Otherwise, the case must proceed to trial. In fact, in *Cannon*, the trial court actually held a nonjury trial on the merits of the case before it found that the amount bid by the mortgagor was substantially less than the property's true value. *Cannon*, 138 N.C. App. at 156, 530 S.E.2d at 583.

Here, the only evidence the court had to determine if the amount bid was "substantially less" than the value of the property is the value bid on the property by plaintiff and the two values regarding the true value of the property, one provided by an appraiser ($109,000) and one being the sale price ($110,000). Without more evidence regarding the circumstances of the case, I believe it was improper for the trial court to decide on summary judgment that the amount bid was not "substantially less" than the value of the true property and to thereby preclude defendants from a deficiency judgment. Like in *Cannon*, the trial court should have held a trial to enable it to determine whether plaintiff's bid was substantially less than the property's true value. This is a material question of fact in this instance, and therefore, I would reverse the trial court's order granting summary judgment in favor of plaintiff.